FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ALAN ROLAND,

                Plaintiff,

    v.

INTERNAL REVENUE SERVICE,

                Defendant.

NO. 2:25-CV-0264-TOR

ORDER DISMISSING COMPLAINT

BEFORE THE COURT is Plaintiff's Construed Motion for Hearing (ECF No. 3). Plaintiff filed a complaint against the Internal Revenue Service ("IRS") on July 24, 2025. ECF No. 1. Plaintiff alleges that the IRS claims that Plaintiff owes the IRS $8,000 but the IRS actually owes Plaintiff. *Id.* at 4. That is the extent of the facts alleged and the only relief requested is $15,000 in court costs. *Id.* at 7.

Plaintiff now brings a motion requesting a default hearing which the Court construes as a motion for default judgment. ECF No. 3. First, Plaintiff has not properly complied with the local rules in obtaining default judgment by first securing a Clerk's Order of Default. LCivR 55. Second, default judgment is

ORDER DISMISSING COMPLAINT ~ 1

inappropriate in any event because Plaintiff never properly served Defendant pursuant to Federal Rule of Civil Procedure 4, or filed proof of service with the Court, and more than 90 days have passed since Plaintiff filed his complaint. Fed. R. Civ. P. 4(m). And last, the IRS cannot be sued. *In re Smith*, 205 B.R. 226, 227 n.1 (B.A.P. 9th Cir. 1997). The proper party to this action would be the United States, however, the United States is immune from suit unless Congress has waived sovereign immunity for Plaintiff's claim. *United States v. Testan*, 424 U.S. 392, 399 (1976). It is unclear from Plaintiff's bare-boned complaint what the basis for his claims are, what injuries he has suffered, and what relief he is requesting. It appears Plaintiff may be disputing the IRS's assessment of taxes owed for his 2019 and 2020 tax returns.

Title 28 U.S.C. § 1346(1) waives sovereign immunity for actions against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected," however, Internal Revenue Code § 7422(a) requires that a claim for refund or credit first be duly filed pursuant to Internal Revenue Code § 6511 prior to seeking a tax refund in federal court. *Imperial Plan, Inc. v. United States*, 95 F.3d 25, 26 (9th Cir. 1996). Plaintiff has provided no evidence that this jurisdictional prerequisite has been met.

Therefore, the Court denies Plaintiff's motion and dismisses Plaintiff's complaint without prejudice.

ORDER DISMISSING COMPLAINT ~ 2

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Construed Motion for Hearing (ECF No. 3) is **DENIED**.

2.  Plaintiff's Complaint is **DISMISSED** without prejudice.

The District Court Executive is directed to enter this Order, furnish a copy to Plaintiff, and close the file.

DATED March 30, 2026.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING COMPLAINT ~ 3